United States Bankruptcy Court
Central District of California

In re:                                                                              Case No. 15-14098-MB
Vartkes Kassardjian                                                                 Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0973-1          User: admin              Page 1 of 1              Date Rcvd: Aug 17, 2016
                              Form ID: pdf042          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 19, 2016.
db             +Vartkes Kassardjian,    11200 Canby Avenue,   Porter Ranch, CA 91326-2505

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 19, 2016                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 17, 2016 at the address(es) listed below:
              April  Harriott    on behalf of Creditor    HSBC Bank USA, National Association bkyecf@rasflaw.com,
               bkyecf@rasflaw.com
              Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
              Henry D Paloci    on behalf of Creditor    Trojan Capital Investments LLC hpaloci@hotmail.com,
               hpaloci@calibankruptcy.com
              Henry D Paloci    on behalf of Creditor    Trinity Financial Services LLC hpaloci@hotmail.com,
               hpaloci@calibankruptcy.com
              Iris  Kwon    on behalf of Creditor    HSBC Bank USA, National Association ikwon@rasflaw.com,
               bkyecf@rasflaw.com
              R Grace Rodriguez    on behalf of Debtor Vartkes  Kassardjian ecf@lorgr.com
              United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
                                                                                             TOTAL: 7

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| R. Grace Rodriguez, Esq. (SBN: 196657)<br>Law Offices of R. Grace Rodriguez<br>21000 Devonshire Street, Suite 111<br>Chatsworth, California 91311<br>Tel:    (818) 734-7223<br>Fax:    (818) 338-5821<br>Email: ecf@lorgr.com<br><br>☐ *Debtor(s) appearing without attorney*<br>☒ *Attorney for*: | **FILED & ENTERED**<br><br>AUG 17 2016<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** Bever    **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –** *SAN FERNANDO VALLEY* **DIVISION**

| In re:<br><br>Vartkes Kassardjian<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:15-bk-14098-MB<br>CHAPTER: 13<br><br>**ORDER   ☒ GRANTING   ☐ DENYING**<br>**MOTION TO AVOID JUNIOR LIEN**<br>**ON PRINCIPAL RESIDENCE**<br>**[11 U.S.C. § 506(d)]**<br><br>DATE: August 4, 2016<br>TIME: 9:30am<br>COURTROOM:303<br>PLACE: 21041 Burbank Blvd., Woodland Hills, CA 91367 |
|---|---|
| **Creditor Holding Junior Lien** *(name)*: **TROJAN CAPITAL INVESTMENTS, LLC** ||

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the junior trust deed(s), mortgage(s), or other lien(s) encumbering the following real property (Subject Property), which is the principal residence of Debtor:

    *Street Address*: 11200 Canby Avenue
    *Unit Number*:
    *City, State, Zip Code*: Porter Ranch, CA 91326

Legal description or document recording number (*including county of recording*):

**THE FOLLOWING DESCRIBED PROPERTY IN NORTHRIDGE, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA: LOT 38; OF TRACT NO. 18996 AS SHOWN ON MAP FILED IN BOOK 638 OF MAPS, PAGE(S) 97 IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY.**
**PROPERY ADDRESS: 11200 CANBY AVENUE**

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013* | Page 1 | F 4003-2.4.JR.LIEN.ORDER

**PARCEL ID: 2715-026-046**

☐ See attached page.

3. The Subject Property is subject to the following deed(s) of trust, mortgage(s) or other lien(s) in the amounts specified securing the debt against the Subject Property, which will be treated as indicated:

   a. Holder of 1st lien *(name)* <u>OCWEN LOAN SERVICING, LLC</u> in the amount of $ <u>775,042.91</u>.

   b. Holder of 2nd lien *(name)* <u>TROJAN CAPITAL INVESTMENTS, LLC</u> in the amount of $ <u>157,958.90</u>.
      ☒ is   ☐ is not   to be avoided;

   c. Holder of 3rd lien *(name)* _____ in the amount of $ _____.
      ☐ is   ☐ is not   to be avoided;

      ☐ See attached page for any additional encumbrance(s).

4. The Motion is:

   a. ☐ DENIED   ☐ with   ☐ without   prejudice, on the following grounds:
      (1) ☐ Based upon the findings and conclusions made on the record at the hearing
      (2) ☐ Unexcused non-appearance by Movant
      (3) ☐ Lack of proper service
      (4) ☐ Lack of evidence supporting motion
      (5) ☐ Other *(specify)*:

   b. ☒ GRANTED on the following terms:
      (1) The Subject Property is valued at no more than *(determined value)* $ <u>700,000.00</u> based on adequate evidence.
      (2) This avoidance of the respondent's junior lien is effective upon: ☒ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge in this case.
      (3) Before the discharge, no payments are to be made on the secured claim of the junior lienholder; maintenance payments are not to be made.
      (4) Any filed proof of claim of the junior lienholder is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims.
      (5) The junior lienholder's claim on the deed of trust, mortgage or lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim. The junior lienholder is not required to, but may file an amended Proof of Claim listing its claim as an unsecured claim to be paid in accordance with the Debtor's chapter 13 plan. If an amended claim is not filed, the trustee may treat any claim on the debt (secured or unsecured) filed by the junior lienholder as unsecured upon entry of this order.
      (6) The avoidance of the junior lienholder's deed of trust, mortgage or lien is contingent upon: ☒ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.
      (7) The junior lienholder shall retain its lien in the junior position for the full amount due under the corresponding note and deed of trust, mortgage or lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the Bankruptcy Code, or if the Subject Property is sold or refinanced prior to the Debtor's ☒ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                     Page 2                     **F 4003-2.4.JR.LIEN.ORDER**

(8)  In the event that the holder of the first deed of trust or any senior lien on the Subject Property forecloses on its interest and extinguishes the junior lienholder's lien rights prior to the Debtor's ☒ completion of the chapter 13 plan, or ☒ receipt of a chapter 13 discharge, the junior lienholder's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

(9)  ☐ See attached continuation page for additional provisions.

###

Date: August 17, 2016

*(signature)*
Martin R Barash
United States Bankruptcy Judge

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                               Page 3                               F 4003-2.4.JR.LIEN.ORDER